1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

9    CLAUDIA GASTELUM,                        )
                                              )        Case No. 2:14-cv-00773-GMN-CWH
10                     Plaintiff,             )
                                              )        **ORDER**
11   vs.                                      )
                                              )
12   AMERICAN FAMILY MUTUAL                   )
     INSURANCE COMPANY,                       )
13                                            )
                       Defendant.             )
14   ─────────────────────────────────────   )

15          The Court enters this order *sua sponte* in reconsideration of its prior approval of the parties'

16   stipulation to stay discovery pending the outcome of mediation.  *See* Stipulation (#25); Order (#26).

17   While the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or

18   motion to reconsider, this court has the inherent power to revise, correct, and alter interlocutory

19   orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d

20   101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir.

21   2006).  "As long as a district court has jurisdiction over the case, then it possesses the inherent

22   procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be

23   sufficient. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th

24   Cir. 2001).  Among other reasons, a court may depart from a prior order when (1) warranted by

25   changed circumstances or (2) a manifest injustice would otherwise result. *See United States v.*

26   *Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).

27          In its order staying discovery, the Court indicated that it would not stay decision on

28   Plaintiff's pending motion to compel (#15), which was filed October 9, 2014.  However, there is a

     pending motion to remand (#7) and the Court recently entered an order for Defendant to show

1   cause why the case should not be remanded based on the lack of diversity jurisdiction.  *See* Minute

2   Order (#33) (requiring the parties to submit additional briefing showing cause why the case should

3   not be remanded for failure to satisfy the diversity jurisdiction requirements set forth in 28 U.S.C. §

4   1332).  The requested briefing is due by December 17, 2014, which falls beyond the hearing date

5   currently scheduled for Plaintiff's motion to compel and before the parties' scheduled mediation.

6   Given the pending jurisdictional question, the undersigned finds that a complete stay of discovery

7   is appropriate until the jurisdictional question is resolved.  *See, e.g., Little v. City of Seattle*, 863

8   F.2d 681, 685 (9th Cir. 1988).

9         In determining whether to stay discovery, the Court is guided by the objectives of Rule 1 to

10   ensure the "just, speedy, and inexpensive determination of every action."  *Kor Media Group, LLC*

11   *v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted).  Pending motions regarding the

12   Court's jurisdiction to hear a case present, generally, a critical preliminary question that should be

13   addressed prior to the parties conducting discovery.  *See, e.g., AMC Fabrication, Inc. v. KRD*

14   *Trucking West, Inc.*, 2012 WL 4846152 (D. Nev.).  In light of the unresolved question regarding

15   this Court's jurisdiction to even hear this case, Rule 1 is better served by staying all discovery,

16   including a decision on Plaintiff's motion to compel, until the jurisdictional question is resolved.

17   Consequently, Plaintiff's motion to compel (#15) will be denied without prejudice.  If it is

18   determined that this Court does have jurisdiction to hear this case and the case is not resolved

19   during the mediation, Plaintiff may refile the motion to compel.  If refiled, there will be no need for

20   additional briefing on the motion unless specifically requested by either party and ordered by the

21   Court.

22         Based on the foregoing and good cause appearing,

23         **IT IS HEREBY ORDERED** that the undersigned Magistrate Judge's Order (#26) be

24   **modified** to reflect that discovery is stayed in its entirety and that Plaintiff's motion to compel

25   (#15) will not be heard until after it is determined that this Court has jurisdiction in this case **and**

26   the parties are unable to resolve this matter at mediation.

27         **IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (#15) is **denied without**

28   **prejudice** subject to the conditions set forth herein.

1          **IT IS FURTHER ORDERED** that the motion hearing currently set for December 9, 2014

2    on Plaintiff's motion to compel is hereby **VACATED**.

3          DATED: December 2, 2014.

4

5

6    _____
     **C.W. Hoffman, Jr.**
     **United States Magistrate Judge**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28