UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLAUDIA GASTELUM, | Case No.: 2:14-cv-0773-GMN-CWH |
| Plaintiff, | **ORDER** |
| vs. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY; CINEMA GREENBERG, | |
| Defendants. | |

Pending before the Court is the case of *Gastelum v. American Family Mutual Insurance Company*, (2:14-cv-0773-GMN-CWH). On November 26, 2014, the Court ordered that Defendant American Family Mutual Insurance Company ("American Family") show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 33). On December 17, 2014, American Family filed a Response. (ECF No. 35). For the reasons stated herein, the Court will remand this case to Clark County District Court.

**I.     BACKGROUND**

This action centers upon Plaintiff Claudia Gastelum's allegations that Defendants American Family and Cinema Greenberg breached the terms of a binding arbitration decision by failing to issue a $47,000 payment as ordered by the arbitrator who presided over their dispute. (Compl. 8:19-9:6, ECF No. 1-1).

This case was originally filed in Clark County District Court on October 16, 2014. (*Id.* at 1). After American Family filed a notice of removal on January 9, 2014, this case was removed to federal district court and was assigned to Judge Robert C. Jones. First Pet. for Removal at 1, *Gastelum v. American Family Mutual Insurance*, No. 14-cv-0045-RCJ-VCF, (D. Nev. Jan. 9, 2014), ECF No. 1. American Family cited diversity jurisdiction pursuant to 28 U.S.C. § 1332

as the basis for that removal. *Id.* Subsequently, American Family filed a motion to voluntarily remand, which stated that the district court lacked jurisdiction because Cinema Greenberg is a non-diverse defendant. Mot. to Remand 3:1-11, *Gastelum v. American Family Mutual Insurance*, No. 14-cv-0045-RCJ-VCF, (D. Nev. Jan. 13, 2014), ECF No. 5. Prior to any ruling upon that motion, the Clark County District Court issued an order on March 19, 2014, which purported to dismiss Defendant Greenberg from this case. (ECF No. 1-5). Subsequently, on April 28, 2014, Judge Jones granted American Family's motion and remanded the case to Clark County District Court. Remand Order 2:13-14, *Gastelum v. American Family Mutual Insurance*, No. 14-cv-0045-RCJ-VCF, (D. Nev. April 28, 2014), ECF No. 9.

American Family removed the action to this Court on May 15, 2014, again citing diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Second Pet. for Removal 2:7-10, ECF No. 1). On November 26, 2014, the Court issued a Minute Order requiring, *inter alia*, that American Family show that the Clark County District Court had jurisdiction to dismiss Defendant Greenberg through its March 29, 2014, order. (ECF No. 33).

## II.  LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

### III. ANALYSIS

As discussed *infra*, the Court finds that there is not complete diversity between the parties in this case, and therefore this action will be remanded to Clark County District Court.

It is well established that, "[R]emoval divests the state court of jurisdiction." *Karl v. Quality Loan Serv. Corp.*, 759 F. Supp. 2d 1240, 1245 (D. Nev. 2010) *aff'd*, 553 F. App'x 733 (9th Cir. 2014). After removal to federal court, "[a]ny subsequent proceedings in state court on the case are void *ab initio*." *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254-55 (11th Cir. 1988) (citing *Steamship Co. v. Tugman,* 106 U.S. 118 (1882)). In fact, "the filing of a removal petition terminates the state court's jurisdiction until the case is remanded, *even in a case improperly removed*." *Id*. at 1257 n.11 (citing *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir. 1957)) (emphasis added).

Because this case was removed on January 9, 2014, and was not remanded until April 28, 2014, the Clark County District Court lacked jurisdiction to dismiss Defendant Greenberg on March 19, 2014. Accordingly, the Court finds that Defendant Greenberg is still a party to this case. It is undisputed that Plaintiff and Defendant Greenberg are both Nevada citizens. (*See* Compl. 2:11-12, ECF No. 1-1); Mot. for Remand 3:1-11, *Gastelum v. American Family Mutual Insurance*, No. 14-cv-0045-RCJ-VCF, (D. Nev. Jan. 13, 2014), ECF No. 5. Therefore, this case fails to meet the complete diversity requirement set forth in 28 U.S.C. § 1332.

American Family nevertheless argues that the Court should disregard the fact that the Clark County District Court's dismissal order was made without jurisdiction because "the issue has caused no prejudice to the Plaintiff." (Resp. to Show Cause Ord. at 11, ECF No. 35). However, subject matter jurisdiction is not subject to the Court's discretion—it is a doctrine of preeminent importance that determines whether the Court holds the requisite authority to issue a judgment in a case. Unlike procedural defects, which can often be disregarded if not timely raised, "subject-matter jurisdiction, because it involves a court's power to hear a case, can

never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  Therefore, the Court is not at liberty to exceed the scope of its statutory and constitutional authority even if Plaintiff has suffered no prejudice.  Accordingly, the Court will remand this case.[1]

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that that this action is remanded to Clark County District Court.  The Clerk is instructed to close the case.

**DATED** this 23rd day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[1] Because complete diversity does not exist between Plaintiff and Defendant Greenberg, the Court need not determine whether the amount in controversy requirement is satisfied.